UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JOHN SANTIAGO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MATTRESS FIRM, INC.,

Defendant.

NO.

**CLASS ACTION COMPLAINT**

(DEMAND FOR JURY TRIAL)

Plaintiff John Santiago ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Mattress Firm, Inc. ("Defendant" or "Mattress Firm"). The allegations contained in this class action complaint are based on Plaintiff's personal knowledge of facts pertaining to himself and upon information and belief, including further investigation conducted by Plaintiff's counsel, as to the remainder.

**INTRODUCTION**

1.      Defendant has violated the Washington Consumer Protection Act's prohibition on unfair and deceptive acts or practices in the conduct of trade or commerce. "[P]rice advertisements matter." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106 (9th Cir. 2013).

2.      This is a class action lawsuit brought to address Defendant's misleading and unlawful pricing, sales, and discounting practices on its website www.mattressfirm.com (the "Website"). The products at issue are comprised of all mattresses that have been offered on the Website at a sale or discounted price from a higher reference price. Defendant advertises false,

CLASS ACTION COMPLAINT - 1
CASE NO.

**NICK MAJOR LAW PLLC**
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

misleading, and inflated comparison reference prices to deceive customers into a belief that the sale price is a discounted bargain price.

3.      Anyone visiting the Website who buys an item "on sale" from a stricken former or regular price is being misled. This is because that item has not been listed for sale or sold on the Website, in the recent past and for a substantial time, at the former price. Yet Defendant's use of inflated reference prices, strikethrough pricing and discounting, and purported limited-time sales all lead reasonable consumers to believe that the products in fact had been listed for sale and sold on the Website, at the former and regular price, in the recent past, for a substantial period of time.

4.      On information and belief, all or nearly all the reference prices on the Website are false and misleading. They are not former or regular prices at which the products were offered on the Website in the recent past for a substantial time. They are inflated prices posted to lure consumers into purchasing items from Defendant.

5.      Beyond that, on information and belief, Defendant's products sold on the Website not only have a market value lower than the promised former price, but the market value of the products is also lower than the discounted "sale" price. By using false reference pricing and false limited-time sales, Defendant artificially drives up demand for the products, and by extension drives up the price of the products. As a result, consumers received a product worth less than the price paid. To illustrate, assume a company knows a product will sell in the marketplace at $30. But to increase revenue and capture market share, the company advertises the product as having a "regular" price of $100 and being on "sale" at 60% off. Because consumers value products based on the regular price, and a purported limited-time sale conveys additional savings, the company can sell that $30 product for $40.

6.      As a result, consumers are deceived into spending money they otherwise would not have spent, purchasing items they would not have purchased, and/or spending more money for an item than they otherwise would have absent deceptive marketing.

CLASS ACTION COMPLAINT - 2
CASE NO.

7.       For the foregoing reasons, Plaintiff brings this action individually and on behalf of all consumers who, within the applicable statute of limitations period up to and including the date of judgment in this action, purchased Products from Defendant at prices that purported to represent discounts off of falsely represented strikethrough prices. Based on Defendant's unlawful conduct, Plaintiff seeks damages, treble damages, restitution, declaratory relief, injunctive relief, and reasonable attorneys' fees and costs, for: (1) violation of the Washington Consumer Protection Act ("WCPA"), RCW Chapter 19.86; (2) breach of contract; (3) breach of express warranty; (4) fraud / intentional misrepresentation; (5) negligent misrepresentation; and (6) unjust enrichment/quasi-contract.

## PARTIES

8.       Plaintiff John Santiago is a citizen of Washington and is domiciled in Spanaway, Washington. He was present in Washington at the time he made his purchase from the Website.

9.       Defendant Mattress Firm, Inc. is a corporation incorporated in Delaware and headquartered in Texas. Defendant describes itself as "America's largest specialty mattress store, with more than 2,400 neighborhood stores in 49 states." Defendant is an online and brick-and-mortar retailer of home and bedding products, including without limitation: mattresses, mattress toppers, box springs, bed bases, pillows, and bedding, among other items. Through the Website, Defendant sells the products to consumers in Washington and nationwide.

10.       Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including, without limitation, any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, and/or conspired in the false and deceptive conduct alleged herein.

## JURISDICTION AND VENUE

11.       This Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because: (a) the proposed Class consists of at least 100 members; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (c) minimal diversity exists because at least one member of the proposed Class is a citizen of a

CLASS ACTION COMPLAINT - 3
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

state different from Defendant. Defendant's sales exceed hundreds of millions of dollars per year, and with a vast majority of its offers being sold at a purported discount, the at-issue Products exceed the amount in controversy.

12. This Court has personal jurisdiction over Defendant because Plaintiff purchased Defendant's Products from his home in Washington and received the purchased Products from Defendant at his home in Washington, such that a substantial part of the events giving rise to Plaintiff's claims occurred in Washington. Further, Defendant purposefully directed marketing and advertising of its Products into Washington, and purposefully made the statements and omissions concerning the prices of the Products at issue in this case to consumers in Washington, including to Plaintiff while he resided in and was present in Washington.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this judicial District and because a substantial part of the events giving rise to Plaintiff's claims took place in this judicial District.

## FACTUAL ALLEGATIONS

**A.     Introduction.**

14. Advertised "sale" prices are important to consumers. Consumers are more likely to purchase an item if they believe that they are getting a good deal. Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

15. While there is nothing wrong with a legitimate sale, a fake one—that is, one with misleading regular prices and deceptive discounts—is illegal.

16. The Washington Consumer Protection Act prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW § 19.86.020.

17. The Federal Trade Commission's regulations also prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the

CLASS ACTION COMPLAINT - 4
CASE NO.

purpose of enabling the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1. They also prohibit retailers from offering fake limited-duration sales. 16 C.F.R. § 233.5.

18. As numerous courts have found, fake sales violate these laws. "[P]rice advertisements matter." *Hinojos*, 718 F.3d at 1106. "Misinformation about a product's 'normal' price is … significant to many consumers in the same way as a false product label would be." *Id.*

**B.    Overview of Defendant's False Discounts.**

19. Defendant is, by its own description, "America's largest specialty mattress store." Defendant owns and operates the Website at www.mattressfirm.com, through which it sells purportedly discounted products (the "Products") to consumers.

20. Defendant's business model relies on deceiving consumers with false or misleading sales. On any given date, many products on the Website are represented as being discounted from a substantially higher reference price. On individual listing pages, the supposed markdowns are represented to the consumer by prominently displaying a "crossed-out" reference price next to the sale price, and "__% Off." Although Defendant's purported sales are always changing, one thing remains constant—they are perpetually available:

21. Defendant employs these deceptive tactics to convey to customers that the product was listed or sold on the Website at the reference price, in the recent past and for a substantial period of time, but is now being listed and sold to the customer at a substantial discount. Reasonable consumers would understand that the strikethrough reference price, or the adjacent "__% Off," each independently convey that the product was listed or sold on the Website at the reference price, in the recent past and for a substantial period of time, but is now being listed and sold to the customer at a substantial discount.

22. However, this reference price is a falsely inflated price because Defendant rarely, if ever, lists or sells items at the reference price. The purpose of the reference price is to mislead customers into believing that the displayed reference price is a former or regular price at which Defendant usually lists and sells the item in the recent past, and thus the market value is the

CLASS ACTION COMPLAINT - 5
CASE NO.

reference price. As a result, Defendant falsely conveys to customers that they are receiving a substantial markdown or discount.

23.    To confirm that Defendant nearly always offers discounts off of purported regular prices, Plaintiff's counsel performed an investigation of Defendant's advertising practices using the Internet Archive's Wayback Machine (available at www.archive.org).[1] That investigation confirms that Defendant consistently offers persistent, purported limited-time sales on its Website:

| Capture Date | Banner / Promotion Language |
| --- | --- |
| Jan 15, 2024 | New Year Sale: Up to 60% off |
| Feb 15, 2024 | President's Day Sale: Up to 60% off — ends Monday |
| Mar 15, 2024 | 72 Hour Sale: Up to 60% off — ends Monday |
| Apr 15, 2024 | 72 Hour Sale: Up to 60% off — ends Monday |
| May 15, 2024 | Memorial Day Sale: Up to 60% off |
| Jun 15, 2024 | 72 Hour Sale: Up to 72% off — ends today |
| Jul 15, 2024 | 72 Hour Sale: Up to 72% off — ends today + "Shop Our July 4th Deals In-Store & Online" / "Over 60% Off" |
| Aug 15, 2024 | Flash Sale: Extra 20% off with code SAVE20 |
| Sep 15, 2024 | Night Owl Sale: Extra 25% off with code NIGHTOWL |
| Oct 16, 2024 | Night Owl Sale: Extra 25% off with code NIGHTOWL |
| Nov 16, 2024 | 72 Hour Sale: Up to 72% off — ends Monday |
| Dec 16, 2024 | Night Owl Sale: Up to 25% off with code NIGHTOWL |

---

[1] https://web.archive.org searching the following URL  https://www. mattressfirm.com/(last accessed April 22, 2026).

CLASS ACTION COMPLAINT - 6
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

| Capture Date | Banner / Promotion Language |
|---|---|
| Jan 15, 2025 | New Year Sale: Up to 60% off — Queens start at $189.99 + "0% interest for 72 months on $3,299+" |
| Feb 15, 2025 | President's Day Sale: Up to 60% off — Queens start at $189.99 + "0% interest for 72 months on $3,299+" |
| Mar 15, 2025 | 72 Hour Sale: Up to 60% off — ends Monday — Queens start at $189.99 + "0% interest for 72 months on $3,299+" |
| Apr 15, 2025 | 72 Hour Sale: Up to 60% off — ends Monday — Queens start at $189.99 + "0% interest for 72 months on $3,299+" |
| May 15, 2025 | Memorial Day Sale: Up to 60% off — Queens start at $189.99 |
| Jun 15, 2025 | 72 Hour Sale: Up to 60% off — ends Monday — Queens start at $189.99 |
| Jul 15, 2025 | 4th of July Sale: Up to 60% off — Queens start at $189.99 |
| Aug 15, 2025 | 72 Hour Sale: Up to 60% off — ends Monday — Queens start at $189.99 |
| Sep 15, 2025 | Labor Day Sale: Up to 60% off — Queens start at $189.99 |
| Oct 15, 2025 | 72 Hour Sale: Up to 60% off — ends Monday — Queens start at $189.99 |
| Nov 15, 2025 | Veterans Day Sale: Up to 60% off — Queens start at $189.99 |
| Dec 15, 2025 | 72 Hour Sale: Up to 60% off — ends Monday — Queens start at $189.99 |
| Jan 15, 2026 | New Year Sale: Up to 60% off — Queens start at $189.99 + "0% interest for 72 months on $3,299+" |
| Feb 15, 2026 | President's Day Sale: Up to 60% off — Queens start at $189.99 + "0% interest for 72 months on $3,299+" |
| Mar 16, 2026 | 72 Hour Sale: Up to 60% off — ends Monday — Queens start at $189.99 + "0% interest for 72 months on $3,299+" |
| Apr 16, 2026 | Upgrade Your Sleep Sale: Save up to $600 |

CLASS ACTION COMPLAINT - 7
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

25.    As an illustration of Defendant's perpetual pricing scheme, investigation of Defendant's Website confirms that multiple Products are offered at the same sale price month after month against identical reference prices, demonstrating that the sale price is, in fact, the regular price:

a. *Serta Perfect Sleeper Sleep Excellence Medium PillowTop Mattress* – offered at $799.99 (sale) against $1,999.99 (reference) every month from at least February 2024 through July 2024.

b. *Sealy Posturepedic Spring Bloom 12" Medium Mattress* – offered at sale prices ranging from $299.99 to $349.99 against a consistent $499.99 reference price from at least February 2024 through July 2024.

c. *Sleepy's Basic Hybrid Mattress* – offered at sale prices ranging from $399.99 to $599.99 against a consistent $799.99 reference price from at least January 2024 through June 2024.

d. *Sleepy's Basic Innerspring Firm Mattress* – offered at $159.99 (sale) against $219.99 (reference) every month from at least February 2024 through June 2024.

26.    This is not a new or isolated sales practice by Defendant, but continued regularly throughout 2023 to 2026.

**C.    Defendant's Products' Purported Reference Prices Were Not the Market Price of the Products.**

27.    Separately, Defendant cannot claim that the reference price for all products is the prevailing market price of the products.

28.    Defendant does not independently verify that the reference prices are the prevailing market prices at which the products are listed for sale by other retailers for a substantial period of time and in substantial quantities. And on information and belief, Defendant does not update the reference prices on a daily basis.

29.    Defendant's advertised reference prices are higher than the prevailing market prices for the identical products. Because Defendant consistently sells the products at issue at

CLASS ACTION COMPLAINT - 8
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

prices significantly (i.e., 25% or more) lower than its advertised former prices, there is no reasonable basis to believe that Defendant consistently sells its products at prices below the prevailing market prices. In competitive markets, the actual prices offered by vendors selling the same item tend to converge on the market price.

30. Further, many of the products are sold exclusively at Mattress Firm, making it impossible for any external market to establish a prevailing price at the inflated reference price.

**D. Defendant's Conduct Violates Federal and State Law.**

31. The Washington Consumer Protection Act prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW § 19.86.020. Defendant's perpetual false discount scheme constitutes an unfair and deceptive act or practice within the meaning of the WCPA.

32. The Federal Trade Commission Act ("FTCA") prohibits "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1). Under FTC regulations, false former pricing schemes like the ones employed by Defendant are deceptive practices that violate the FTCA. 16 C.F.R. § 233.1; 16 C.F.R. § 233.5.

33. Pursuant to 16 C.F.R. § 233.1, a former price is fictitious "where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction" from that price. The FTCA also prohibits retailers from making a "limited' offer which, in fact, is not limited." 16 C.F.R. § 233.5. On information and belief, Defendant's reference prices are not bona fide former prices, and Defendant's purported limited-time sales are not genuinely limited in time.

**E. Defendant's Deceptive Pricing Harms Consumers.**

34. Defendant's false discounts harm consumers by misrepresenting price and value, inducing purchases that consumers would not otherwise make, and causing consumers to pay more than they otherwise would.

35. A reasonable consumer attaches importance to Defendant's steep discounts, which imply huge savings and often trigger an urgent desire to buy now rather than later (to

CLASS ACTION COMPLAINT - 9
CASE NO.

avoid missing out). As studies have found, "[n]early two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[2] And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[3] Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[4]

36.    Accordingly, research confirms that deceptive advertising through false reference pricing is intended to, and does, influence consumer behavior by artificially inflating consumer perceptions of an item's value and causing consumers to spend money they otherwise would not have, purchase items they otherwise would not have, and/or purchase products from a specific retailer.

37.    Defendant's scheme deprives consumers of the benefit of truthful pricing information. It prevents consumers from accurately evaluating: (a) whether they are actually receiving a good deal; (b) whether to wait; (c) whether to comparison shop; and (d) whether the product is worth the price.

38.    In short, Defendant's conduct injured Plaintiff and the Class members by: (a) inducing purchases that would not have occurred; (b) causing consumers to pay a price premium;

---

[2] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/

[3] PR Newswire, RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (Apr 25, 2018), https://www.prnewswire.com/news-releases/retailmenot-survey-deals-and-promotional-offers-drive-incremental-purchases-online-especially-among-millennial-buyers-300635775.html

[4] CXL, *How to Effectively Create Urgency in Sales (11 Best Ways),* (March 17, 2025), https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); *see also* Upland Software, *Dynamic Email Content Leads to 400% Increase in Conversions for Black Friday Email* (Sep. 4, 2022), https://uplandsoftware.com/adestra/resources/success-story/dynamic-email-content-leads-to-400-increase-in-conversions-for-black-friday-email/ (400% higher conversion rate for email with countdown timer).

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

CLASS ACTION COMPLAINT - 10
CASE NO.

and/or (c) causing consumers to accept products of lower market value than represented by Defendant's reference prices.

**F.    Plaintiff's Individual Experience.**

39.    On May 17, 2025, Mr. Santiago purchased a Beautyrest Silver BRS900-C 75 13.75 " Extra Firm Full Mattress from Defendant's Website, www.mattressfirm.com. At the time, Defendant was advertising a purported discount on its Products. Defendant listed the purported regular price of the Beautyrest Silver BRS900-C 75 13.75 " Extra Firm Full Mattress as $1,559.99 in strikethrough and advertised a discounted price of $561.99, representing a purported savings of $998.00. As a result, Mr. Santiago believed that he was receiving a substantial discount from the advertised regular price, and that he was purchasing during a time-limited sale.

40.    Prior to making his purchase on May 17, 2025, Mr. Santiago reviewed Defendant's Website and saw that Defendant was advertising substantial, time-limited discounts. Plaintiff read and relied on Defendant's representations that the Beautyrest Silver BRS900-C 75 13.75 " Extra Firm Full Mattress had a regular price of $1,559.99, that he was receiving a discount of $998.00, and that the sale was limited in time. Based on these representations, Mr. Santiago believed he was receiving the mattress at a discount from its true regular price, and that the discount would not always be available. The webpage that Ms. Davis reviewed (archived from the date of his purchase with a slight price difference) is depicted below.[5]

---

[5] https://web.archive.org/web/20250517121200/https://www.mattressfirm.com/silver-brs900-c-1375-extra-firm-mattress/5637147620.p?variantid=5637157686 (last accessed April 22, 2026).

CLASS ACTION COMPLAINT - 11
CASE NO.



41.     In the order confirmation and shipment details provided to Mr. Santiago after he made his purchase, Defendant represented that the Beautyrest Silver BRS900-C 75 13.75" Extra Firm Full Mattress had a regular price of $1,559.99 and that Mr. Santiago was paying a discounted sale price of $998.99.

42.     Like other reasonable consumers, Mr. Santiago expected the advertised discount to be based on the actual regular sales price of the mattress. He reasonably believed that the $1,559.99 strikethrough price represented the regular, former price of the product—the price at which Defendant usually sold the Beautyrest Silver BRS900-C 75 13.75" Extra Firm Full Mattress before the time-limited promotion went into effect.

43.     In truth, however, as described above, Defendant's Products, including the mattress that Mr. Santiago purchased, were almost always available at a discounted price off of the purported reference prices. In other words, Defendant did not regularly sell the Beautyrest Silver BRS900-C 75 13.75" Extra Firm Full Mattress —or any Product—at the purported reference price, and the Products were not discounted as advertised. Plus, the sale was not limited time—Defendant's Products are nearly always on sale.

CLASS ACTION COMPLAINT - 12
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

44.    At the time Mr. Santiago purchased the Product on May 17, 2025, he did not know that Defendant's sales were not real or that the discounts were fake. Nor did he have any reason to suspect that the sales were fake when he purchased the Product. Discovering Defendant's deception required extensive investigation of internet archives and pricing history, revealing that the sale was not limited in time, that the discounts are fake, and that the advertised reference prices are not the true regular selling prices.

45.    Mr. Santiago faces an imminent threat of future harm. He would purchase Products from Defendant again in the future if he could feel sure that Defendant's reference prices accurately reflected Defendant's former prices and the market value of the Products, and that its discounts were truthful. But without an injunction, Mr. Santiago has no realistic way to know which—if any—of Defendant's reference prices, discounts, and sales are not false or deceptive. Accordingly, he is unable to rely on Defendant's advertising in the future, and so cannot purchase Products he would like to purchase.

46.    Plaintiff read and relied on Defendant's representations on Defendant's Website, specifically that the Products he purchased were being offered at a discount for a limited time and had the reference prices listed above. Based on Defendant's representations, Plaintiff reasonably understood that Defendant regularly sold the Products at the published reference prices, that these reference prices were the market value of the Products that he was buying, that he was receiving the advertised discounts as compared to the reference prices, and that the advertised discounts were not almost always available. He would not have made the purchase if he had known that the Products were not discounted as advertised, and that he was not receiving the advertised discounts.

**G.    Tolling of the Statute of Limitations.**

47.    All applicable statutes of limitations have been tolled by the delayed discovery doctrine. Plaintiff and Class members could not have reasonably discovered Defendant's practice of running perpetual and/or extended sales, based on deceptive reference prices, at any time prior to commencing class action litigation.

CLASS ACTION COMPLAINT - 13
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

48.     A reasonable consumer viewing the Website on multiple occasions would simply believe that a product is on sale for the time period represented on the Website. Short of visiting and checking the Website for months continuously, a reasonable consumer would not suspect that Defendant's sales and pricing practices were false and misleading. Nor would a reasonable consumer be able to ascertain the market value of the products being sold absent extensive investigation.

49.     As a result, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

**CLASS ACTION ALLEGATIONS**

50.     Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3), as representative of two Classes:

> **The Nationwide Class:** All persons in the United States who, within the applicable statute of limitations period, purchased one or more mattresses from www.mattressfirm.com at a sale or discounted price from a higher reference price (the "Nationwide Class").

> **The Washington Subclass:** All members of the Nationwide Class who, while in the state of Washington, purchased one or more mattresses from www.mattressfirm.com at a sale or discounted price from a higher reference price (the "Washington Subclass").

51.     The following people are excluded from the proposed Classes: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

CLASS ACTION COMPLAINT - 14
CASE NO.

**NICK MAJOR LAW PLLC**
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

**Numerosity & Ascertainability**

52.    The proposed Classes contain members so numerous that separate joinder of each member is impractical. The exact number and identities of the members of the Classes can only be ascertained through appropriate discovery, but Plaintiff alleges that there are in excess of 100,000 members of the Nationwide Class. Class Members can be identified through Defendant's sales records and public notice.

**Predominance of Common Questions**

53.    There are questions of law and fact common to the proposed Classes. Common questions of law and fact include, without limitation: (1) whether Defendant advertised false reference prices on products offered on the Website; (2) whether Defendant advertised price discounts from false reference prices on products offered on the Website; (3) whether the products listed on Defendant's Website were offered at their reference prices for any reasonably substantial period of time prior to being offered at purported discount prices; (4) whether Defendant's deceptive pricing scheme violates the Washington Consumer Protection Act; (5) whether the members of the Classes are entitled to damages and/or restitution; and (6) whether injunctive relief is appropriate and necessary to enjoin Defendant from continuing to engage in false or misleading advertising.

**Typicality & Adequacy**

54.    Plaintiff's claims are typical of the proposed Classes. Like the proposed Classes, Plaintiff purchased mattresses from www.mattressfirm.com at a purported discount from a higher reference price. There are no conflicts of interest between Plaintiff and the Classes.

**Superiority**

55.    A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. The damages sustained by individual Class Members may be relatively small, making the expense and burden of individual litigation financially impossible for most Class Members. It would be

CLASS ACTION COMPLAINT - 15
CASE NO.

unduly burdensome to have individual litigation in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**Substantial Similarity**

56.     The products at issue in the action are substantially similar in all material respects. Namely, the products were all advertised with a false reference price, advertised with a strikethrough reference price, and advertised with a false sale price. The products are also all sold by Defendant on the Website and consist of mattresses and home bedding products.

**CAUSES OF ACTION**

**COUNT I**
**Violation of the Washington Consumer Protection Act**
**RCW Chapter 19.86**
**(On Behalf of Plaintiff and the Washington Subclass)**

57.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

58.     Plaintiff brings this cause of action individually and on behalf of the Washington Subclass.

59.     Defendant has violated the Washington Consumer Protection Act ("WCPA"), RCW Chapter 19.86.

60.     Section 19.86.020 of the WCPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

61.     Under the WCPA, "[a]ny person who is injured in his or her business or property by a violation of RCW 19.86.020 … may bring a civil action in superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee." RCW § 19.86.090. A private plaintiff may be eligible for treble damages not to exceed $25,000, and may obtain injunctive relief.

CLASS ACTION COMPLAINT - 16
CASE NO.

**NICK MAJOR LAW PLLC**
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

62.     Defendant engages in the conduct of trade or commerce within the meaning of the WCPA. Defendant does this by selling mattress and bedding products in a manner that directly and indirectly affects people of the state of Washington.

63.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of fact in its advertisements to Class members, constituting acts of unfair methods of competition and/or unfair or deceptive acts or practices. Defendant did this by advertising limited-time offers that were not actually limited in time, false regular prices, and false discounts regarding its Products.

64.     Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

65.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the Mattress Firm Products. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

66.     In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Mattress Firm Products.

67.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the Washington Subclass.

68.     Plaintiff and the Washington Subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the truth, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

69.     Defendant's acts or omissions are injurious to the public interest because these practices were committed in the course of Defendant's business and were committed repeatedly before and after Plaintiff purchased Defendant's Product. They are part of a pattern of unfair and

CLASS ACTION COMPLAINT - 17
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

deceive advertisements. These actions have injured other persons, and, if continued, have the capacity to injure additional persons.

70.     For the claims under the Washington Consumer Protection Act, Plaintiff seeks all available relief, including injunctive relief, actual damages, treble damages (up to $25,000 per violation), and attorneys' fees and costs pursuant to RCW § 19.86.090.

**COUNT II**
**Breach of Contract**
**(On Behalf of Plaintiff and the Nationwide Class)**

71.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

72.     Plaintiff brings this claim individually and on behalf of the Nationwide Class.

73.     Plaintiff and Class Members entered into contracts with Defendant when they placed orders to purchase Products on Defendant's Website.

74.     The contracts provided that Plaintiff and Class Members would pay Defendant for the Products ordered. The contracts further required that Defendant provide Plaintiff and Class Members with Products that have a market value equal to the reference prices displayed on the Website. They also required that Defendant provide Plaintiff and Class Members with the discount advertised on the Website and listed in the receipt. These were specific and material terms of the contract.

75.     Plaintiff and Class Members paid Defendant for the Products they ordered, and satisfied all other conditions of their contracts.

76.     Defendant breached the contracts with Plaintiff and Class Members by failing to provide Products that had a market value equal to the reference price displayed on its Website, and by failing to provide the promised discount. Defendant did not provide the discount that Defendant had promised.

77.     Plaintiff provided Defendant with notice of these breaches of contract.

CLASS ACTION COMPLAINT - 18
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

78.     As a direct and proximate result of Defendant's breaches, Plaintiff and Class Members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

79.     For the breach of contract claims, Plaintiff seeks all damages available including expectation damages and/or damages measured by the price premium charged to Plaintiff and the Nationwide Class as a result of Defendant's unlawful conduct.

## COUNT III
### Breach of Express Warranty
### (On Behalf of Plaintiff and the Nationwide Class)

80.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

81.     Plaintiff brings this claim individually and on behalf of the Nationwide Class.

82.     Defendant, as the marketer, distributor, supplier, and/or seller of Mattress Firm Products, issued material, written warranties by advertising that the Products had a prevailing market value equal to the reference price displayed on Defendant's Website. This was an affirmation of fact about the Products (i.e., a representation of their market value) and a promise relating to the goods.

83.     This warranty was part of the basis of the bargain and Plaintiff and members of the Nationwide Class relied on this warranty.

84.     In fact, the stated market value was not the market value. Thus, the warranty was breached.

85.     Plaintiff provided Defendant with notice of this breach of warranty.

86.     Plaintiff and the Nationwide Class members were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased the Products if they had known that the warranties were false, (b) they overpaid for the Products because the Products were sold at a price premium due to the warranties, and/or (c) they did not receive the Products as warranted that they were promised.

CLASS ACTION COMPLAINT - 19
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

87.    For the breach of express warranty claims, Plaintiff seeks all damages available including expectation damages and/or damages measured by the price premium charged to Plaintiff and the Nationwide Class as a result of Defendant's unlawful conduct.

## COUNT IV
### Fraud / Intentional Misrepresentation
### (On Behalf of Plaintiff and the Nationwide Class)

88.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

89.    Plaintiff brings this claim individually and on behalf of the Nationwide Class.

90.    Defendant made false or misleading statements of fact concerning the existence of and the amounts of price reductions because, as explained herein, (a) the false reference prices advertised in connection with products offered on the Website misled and continue to mislead customers into believing the products were previously offered for sale and/or sold on the Website at the higher reference prices on a regular basis for a reasonably substantial period of time, and (b) Defendant falsely represents the products as on sale for limited time when in truth a new substantially equivalent sale is promptly instituted after the expiration of an existing sale.

91.    In addition, Defendant had a duty to conspicuously disclose the truth about its pricing deception, including that the reference prices advertised on the Website were not prices at which Defendant's items were listed or sold on the Website in the recent past on a regular basis for a reasonably substantial period of time, and in truth, Defendant's products are typically not offered or sold on the Website at the advertised reference prices. Defendant also failed to disclose that the expiration of any given sale would be followed by a substantially equivalent sale. Reasonable consumers were likely to be deceived by Defendant's failure to disclose material information.

92.    Defendant knew that its representations were false when made, or at the very least, were made recklessly and without regard for their truth. Defendant knew that the items Plaintiff and the Class purchased had rarely, if ever, been offered or sold on the Website at the substantially higher reference price in the recent past.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

CLASS ACTION COMPLAINT - 20
CASE NO.

93.     Defendant's representations were made with the intent that Plaintiff and the Class rely on the false representations and spend money they otherwise would not have spent, purchase items they otherwise would not have purchased, and/or spend more money for an item than they otherwise would have absent the deceptive marketing scheme.

94.     Plaintiff and the Class reasonably relied on Defendant's representations. Absent Defendant's misrepresentations, Plaintiff and the Class would not have purchased the items they purchased from Defendant, or, at the very least, they would not have paid as much for the items as they ultimately did. Plaintiff and the Class's reliance was a substantial factor in causing them harm.

95.     As a direct and proximate result of the above, Plaintiff and the Class have suffered damages in an amount to be proven at trial.

96.     Plaintiff and the Class are also entitled to punitive or exemplary damages. Defendant, through its senior executives and officers, undertook the illegal acts intentionally or with conscious disregard of the rights of Plaintiff and the Class, and did so with fraud, malice, and/or oppression.

## COUNT V
### Negligent Misrepresentation
### (On Behalf of Plaintiff and the Nationwide Class)

97.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

98.     Plaintiff brings this claim individually and on behalf of the Nationwide Class.

99.     Defendant made false or misleading statements of fact concerning the existence of and the amounts of price reductions because, as explained herein, (a) the false reference prices advertised in connection with products offered on the Website misled and continue to mislead customers into believing the products were previously offered for sale and/or sold on the Website at the higher reference prices on a regular basis for a reasonably substantial period of time, and (b) Defendant falsely represents the products as on sale for limited time when in truth a new substantially equivalent sale is promptly instituted after the expiration of an existing sale.

CLASS ACTION COMPLAINT - 21
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

100.    Defendant had a duty to conspicuously disclose the truth about its pricing deception, including that (1) the reference prices advertised and published on the Website were not prices at which Defendant's items had been offered and/or sold on the Website in the recent past on a regular basis for a reasonably substantial period of time, (2) Defendant's products rarely (if ever) were offered or sold anywhere at the advertised reference prices on a regular basis for a reasonably substantial period of time, and (3) the expiration of any given sale would be followed by a substantially equivalent sale.

101.    Defendant knew or should have known that its representations were false when made. Defendant knew that the items Plaintiff and the Class purchased had rarely, if ever, been offered or sold on the Website at the substantially higher reference price in the recent past. Defendant knew its sales were falsely advertised as being of limited duration.

102.    Defendant had no good faith or reasonable basis to believe that its representations were true when made.

103.    Defendant's representations were made with the intent that Plaintiff and the Class rely on the false representations and spend money they otherwise would not have spent, purchase items they otherwise would not have purchased, and/or spend more money for an item than they otherwise would have absent the deceptive marketing scheme.

104.    Plaintiff and the Class reasonably relied on Defendant's representations. Absent Defendant's misrepresentations, Plaintiff and the Class would not have purchased the items they purchased from Defendant, or, at the very least, they would not have paid as much for the items as they ultimately did. Plaintiff and the Class's reliance was a substantial factor in causing them harm.

105.    As a direct and proximate result of the above, Plaintiff and the Class have suffered damages in an amount to be proven at trial.

CLASS ACTION COMPLAINT - 22
CASE NO.

## COUNT VI
### Unjust Enrichment / Quasi-Contract
### (On Behalf of Plaintiff and the Nationwide Class)

106.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

107.    Plaintiff brings this claim individually and on behalf of the Nationwide Class, in the alternative to his remaining claims.

108.    By its wrongful acts and omissions, Defendant was unjustly enriched at the expense of and to the detriment of Plaintiff and the Class and/or while Plaintiff and the Class were unjustly deprived. Defendant's unlawful and deceptive pricing scheme induced Plaintiff and the Class to spend money they otherwise would not have spent, purchase items they otherwise would not have purchased, and/or spend more money for a product than they otherwise would have absent the deceptive advertising.

109.    Plaintiff and members of the Class also conferred a monetary benefit on Defendant in the form of Defendant's profits generated by the deceptive marketing scheme. Defendant profited from inappropriately and artificially inflated prices.

110.    On behalf of the Class, Plaintiff seeks restitution from Defendant and an order disgorging all payments and profits obtained by Defendant from Plaintiff and the Class.

111.    Plaintiff and the Class seek this equitable remedy because their legal remedies are inadequate. An unjust enrichment theory provides the equitable disgorgement of profits even where an individual has not suffered a corresponding loss in the form of money damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.    Certification of this case as a class action on behalf of the proposed Classes and any subclasses defined above, appointment of Plaintiff as Class representative, and appointment of his counsel as Class Counsel;

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

CLASS ACTION COMPLAINT - 23
CASE NO.

b.     For an order declaring Defendant's conduct violates the statutes referenced herein;

c.     For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

d.     For actual, expectation, reliance, compensatory, statutory, and/or punitive damages in amounts to be determined by the Court and/or jury;

e.     For treble damages as permitted under the Washington Consumer Protection Act, RCW § 19.86.090;

f.     For prejudgment interest on all amounts awarded;

g.     For an award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits Defendant obtained as a result of its unlawful, unfair, and fraudulent business practices;

h.     For injunctive relief ordering Defendant to cease the false advertising and unfair business practices complained of herein;

i.     For an order awarding Plaintiff and the Classes their reasonable attorneys' fees, expenses, and costs of suit; and

j.     For such further relief that the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

RESPECTFULLY SUBMITTED AND DATED this 23rd day of April, 2026.

NICK MAJOR LAW PLLC

By: */s/ Nicholas R. Major*
    Nicholas R. Major, WSBA No. 49579
    E-mail: nick@nickmajorlaw.com
    450 Alaskan Way S, Suite 200
    Seattle, Washington 98104
    Telephone: (206) 410-5688

CLASS ACTION COMPLAINT - 24
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

GUCOVSCHI LAW FIRM, PLLC.

Adrian Gucovschi, *Pro Hac Vice Forthcoming*
E-Mail: adrian@gucovschilaw.com
140 Broadway, Fl. 46
New York, New York 10005
Telephone: (212) 884-4230
Facsimile: (212) 884-4230

HEDIN LLP

Frank S. Hedin, *Pro Hac Vice Forthcoming*
E-Mail: fhedin@hedinllp.com
1395 Brickell Avenue, Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801

*Counsel for Plaintiff*

CLASS ACTION COMPLAINT - 25
CASE NO.